**DURFEE, Plaintiff-Appellee, v. EDSON, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 3884—Decided August 16, 1946.

Guy V. Fridley, Columbus, for Plaintiff-Appellee.
David T. Keating, Columbus, for Defendant-Appellant.

## OPINION

By THE COURT:

The plaintiff-appellee has filed a motion to dismiss the appeal for the following reasons:

1. No bond was given at the time of the filing of the appeal as provided by law.

2. There is no record or transcript upon which the Court could pass judgment.

3. The appeal was not filed within time.

The defendant-appellant also files a motion to dismiss the motion of the plaintiff-appellee for the reason that he was not notified of the filing of the motion and the time for the hearing of the same as required by Rule XII of this Court.

Affidavits have been submitted showing that notice was mailed to counsel for the defendant-appellant to the address designated on the pleadings, but that the same was not received. It seems that counsel for defendant had no definite address and that counsel for the plaintiff-appellee used reasonable diligence in an effort to comply with the rule. Also, since counsel received the notice by other processes and has filed a memorandum contra to the motion of the plaintiff-appellee, he has suffered no injury, and his motion is overruled.

Considering next the motion of the plaintiff-appellee, the failure to file an appeal bond is not a ground for dismissing the appeal. The appeal on law and fact, which was the type of appeal designated on the notice, will be dismissed, but the appeal on questions of law must be allowed to stand. See **Loos v. Wheeling and Lake Erie Railroad Co., 134 Oh St 321.** The appellant will be given thirty days from the filing of the entry journalizing this order in which to file his bill of exceptions, assignments of error and brief.

The failure to file transcript is not sufficient grounds for dismissing the appeal, as the same can be ordered to be provided.

The plaintiff-appellee contends also that the notice of appeal was not filed in time. The record discloses that on December 11, 1945, an entry was filed overruling a motion for a rehearing which was filed within three days after the rendition of the judgment. On the same date the notice of appeal was filed in the trial court. Under §12223-7 GC the time for filing notice of appeal does not begin to run until the filing of the entry or order overruling the motion for a new trial. The notice of appeal was filed within the statutory time. The motion of the plaintiff-appellee is overruled in all branches.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.